ELECTRONICALLY FILED
COURT OF COMMON PLEAS
Tuesday, January 11, 2011 2:09:07 PM
CASE NUMBER: 2011 CV 00237 Docket ID: 15773164
GREGORY A BRUSH
CLERK OF COURTS MONTGOMERY COUNTY OHIO

## IN THE COMMON PLEAS COURT OF MONTGOMERY COUNTY, OHIO
## CIVIL DIVISION

| | | |
|---|---|---|
| **APRIL EASTERLING** | : | CASE NO. _____ |
| 2 Kosmo Drive, Apt. 322 | | JUDGE: _____ |
| Dayton, OH 45417, | : | |
| Plaintiff, | : | |
| vs. | : | **COMPLAINT** |
| | | **(Jury Demand Endorsed Hereon)** |
| **CITY OF DAYTON** | : | |
| c/o John Danish, Law Director | | |
| 335 W. Third Street | : | |
| Dayton, OH 45402, | | |
| | : | |
| and | | |
| | : | |
| **SERGEANT RANDY J. BEANE,** | | |
| Individually and in His Official Capacity | : | |
| c/o Dayton Police Department | | |
| 335 W. Third Street | : | |
| Dayton, OH 45402, | | |
| and | | |
| | : | |
| **OFFICER HOLLIE BRUSS,** | | |
| Individually and in Her Official Capacity | : | |
| c/o Dayton Police Department | | |
| 335 W. Third Street | : | |
| Dayton, OH 45402, | | |
| Defendants. | : | |

_____

1

## INTRODUCTION

1. This is an action for money damages brought pursuant to 42 U.S.C. §1983 and §1988, the Fourth and Fourteenth Amendments to the United States Constitution, and the common law of the State of Ohio. This action is against Sgt. Randy J. Beane ("Sgt. Beane") and Officer Hollie Bruss ("Officer Bruss"), in their individual and official capacities, and against the City of Dayton, Ohio ("City of Dayton").

2. Sgt. Beane and Officer Bruss used excessive force to arrest Plaintiff and, in so doing, committed an assault, battery, and intentional infliction of emotional distress in violation of Ohio law. Defendants are liable for such actions. As a direct and proximate result of Defendants' acts, Plaintiff suffered injuries to her left foot and ankle, and suffered severe emotional distress.

3. Sgt. Beane and Officer Bruss used excessive force in arresting Plaintiff and, in so doing, violated her rights under the Fourth and Fourteenth Amendments to the United States Constitution.

4. The City of Dayton failed to implement policies and procedures that could have prevented the injuries caused to Plaintiff, and all Defendants failed to follow the policies and procedures that did exist that could have minimized Plaintiff's injuries. The City of Dayton failed to properly train its officers on the use of force, and failed to use good faith in investigating the use of force of the officers who caused injury to Plaintiff in this case.

**PARTIES**

6. Sgt. Beane, at all relevant times to this Complaint, was a duly appointed and acting officer of the Police Department of the City of Dayton, Ohio, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City of Dayton.

7. Officer Bruss, at all relevant times to this Complaint, was a duly appointed and acting officer of the Police Department of the City of Dayton, Ohio, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City of Dayton.

8. At all times relevant to this Complaint, the City of Dayton Police Department was an arm of the City of Dayton, Ohio, a municipal corporation located in Montgomery County, Ohio, and the public employer of Sgt. Beane and Officer Bruss.

**FACTS**

9. On January 15, 2010, at approximately 10:30 P.M., Plaintiff began having hallucinations. Plaintiff's caregiver, Kimberly L. Swango, called the 911 operator to have medics dispatched to Plaintiff's apartment at the YWCA located at 141 W. Third Street, Dayton, Montgomery County, Ohio. The 911 operator inquired as to whether Plaintiff was a danger to herself or anyone else. Ms. Swango informed the 911 operator that Plaintiff was not a danger to herself or anyone else.

10. Instead of the medics or emergency squad, Sgt. Beane and Officer Bruss of the Dayton Police Department were dispatched to the YWCA. After some argument back and forth between the officers and Plaintiff, Plaintiff gave in and

spoke to Officer Bruss. Plaintiff became compliant with the officers and then stated she was going to Cold Beer & Cheeseburgers. Plaintiff was in the hallway outside her room with Officer Bruss and Sgt. Beane was blocking the doorway. When Plaintiff tried to get in her room, Sgt. Beane put handcuffs on her behind her back and proceeded to lift her to her feet and drag her down the hallway. Plaintiff, who is confined to a wheelchair, began crying out in pain and yelling that the officer was hurting her. Ms. Swango told Sgt. Beane that Plaintiff was confined to a wheelchair and that he could not manhandle her in that way. At this point, Sgt. Beane grabbed his taser, swore inappropriately to Ms. Swango, and told her: "To back off or he had something for her as well."

11. Sgt. Beane proceeded to drag Plaintiff down the hallway to the elevator. Once they reached the main floor of the YWCA, Sgt. Beane dragged Plaintiff through the lobby and out the front door of the YWCA to their cruiser. Officer Bruss was present and did nothing to stop Sgt. Beane. Sgt. Beane and Officer Bruss then took Plaintiff to Miami Valley Hospital.

12. Sgt. Beane and Officer Bruss used excessive force against Plaintiff. As a direct and proximate result of the actions of Sgt. Beane and Officer Bruss, Plaintiff sustained serious injuries to her left foot and ankle requiring medical attention.

13. The internal affairs investigation conducted by the City of Dayton attempted to justify the actions of the officers, rather than actually investigate the details of the excessive force exerted against Plaintiff.

4

## FIRST CAUSE OF ACTION
### (Assault and Battery)

14. Each and every allegation set forth in the preceding paragraphs is hereby incorporated as if fully rewritten herein.

15. Sgt. Beane and Officer Bruss intentionally, wantonly, and recklessly, and without privilege, justification or consent, engaged in acts which constitute the tort of assault and battery.

16. As a direct and proximate result of the actions of Sgt. Beane and Officer Bruss, Plaintiff suffered serious injuries to her left foot and ankle, experienced emotional distress and mental suffering, and has incurred other financial losses.

## SECOND CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

17. Each and every allegation set forth in the preceding paragraphs is hereby incorporated as if fully rewritten herein.

18. Sgt. Beane and Officer Bruss intentionally, wantonly, and recklessly, and without privilege, justification or consent, engaged in acts which constitute the tort of intentional infliction of emotional distress.

19. The actions of Sgt. Beane and Officer Bruss were the proximate cause of Plaintiff's emotional distress.

20. As a direct and proximate result of the actions of Sgt. Beane and Officer Bruss, Plaintiff suffered physical injuries, humiliation, embarrassment, anxiety, fear, apprehension, great personal discomfort, and extreme emotional distress.

## FOURTH CAUSE OF ACTION
### (42 U.S.C. §1983 – Fourth and Fourteenth Amendment Violations)

21. Each and every allegation set forth in the preceding paragraphs is hereby incorporated as if fully rewritten herein.

22. Sgt. Beane and Officer Bruss, acting alone or in concert and under color of law, deprived Plaintiff of rights, privileges and immunities guaranteed to her under the Fourth and Fourteenth Amendments to the United States Constitution. They acted in a manner that no objectively reasonable officer, or sergeant, would have acted in. They violated known Constitutional rights of Plaintiff including, but not limited to, the right to be free from arrest and detention without probable cause, and the right to be free from the use of excessive force.

23. The City of Dayton developed and maintained policies or customs exhibiting deliberate indifference to the Constitutional rights of persons in their city.

24. It was the policy and/or custom of the City of Dayton to adequately supervise and train its police officers, sergeants, and other employees, thereby failing to adequately discourage further Constitutional violations on the part of its officers and employees. The City did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

25. The City of Dayton took no action to discipline Sgt. Beane or Officer Bruss.

26. The City of Dayton tacitly authorized and/or ratified the conduct of Sgt. Beane and Officer Bruss. Further, Sgt. Beane and Officer Bruss knew that internal affairs would not conduct a fair and impartial investigation.

6

27. As a result of the above-described policies and customs, Sgt. Beane and Officer Bruss believed that their actions would not be properly monitored by supervisory officers and the misconduct would not be investigated or sanctioned, but would be tolerated.

28. The above-described policies and customs demonstrated the deliberate indifference on the part of the policymakers of the City of Dayton as to the Constitutional rights of persons within the City, and were the cause of the violations of Plaintiff's rights alleged herein.

## PRAYER FOR RELIEF

**WHEREFORE**, on all Causes of Action, Plaintiff demands judgment against Defendants, jointly and severally, for compensatory damages in excess of $25,000.00; punitive damages against Sgt. Beane and Officer Bruss, jointly and severally, to be proven at trial; reasonable attorney fees against Sgt. Beane and Officer Bruss, jointly and severally; costs of this litigation; and such other relief as this Court finds appropriate.

Respectfully submitted,

 /s/ Richard A. F. Lipowicz
Richard A. F. Lipowicz (0018241)
Attorney for Plaintiff
130 West Second Street, Suite 1900
Dayton, Ohio 45402
Telephone: (937) 224-1427
Facsimile: (937) 228-5134
Email: rafl@dblhcklaw.com

## **JURY DEMAND**

A trial by jury is demanded.

    /s/ Richard A. F. Lipowicz
Richard A. F. Lipowicz (0018241)
Attorney for Plaintiff